IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos. CV-07-292-E-BLW |
| | ) | CR-04-84-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| PETE KARABOYAS, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

Pending before the Court is Defendant-Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in civil case). Having reviewed the record, including the Government's Response, the Court enters the following Order denying the Motion.

### REVIEW OF 28 U.S.C. § 2255 MOTION

A.   **Background and Summary of Issues**

On November 2, 2004, Defendant-Movant ("Karaboyas") pled guilty to Count One in return for dismissal of Count Four of the Superseding Indictment. *Plea Agreement* (Docket No. 33 in criminal case[1]); *Minute Entry* (Docket No. 35).

---

[1]   All further docket references shall be to the criminal case unless otherwise noted.

**Memorandum Decision and Order  - 1**

Count One charged Karaboyas with conspiracy to manufacture 15 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 from on or about May 1997 and continuing until and including February 11, 2003. *Superseding Indictment* (Docket No. 26). Karaboyas agreed in the factual basis portion of the Plea Agreement that during the period of time he was a member of the conspiracy, he "actually participated in the manufacture of in excess of 15 kilograms of methamphetamine." *Plea Agreement*, p. 2, ¶ B (Docket No. 33). Count Four charged Karaboyas with the underlying manufacturing offense. *Superseding Indictment* (Docket No. 26).

On May 10, 2005, after granting the Government's motion for a 5-level § 5K1.1 departure based on his substantial assistance, the Court sentenced Karaboyas to 180 months of imprisonment. *Judgment* (Docket No. 62). The sentence was near the middle of the guideline range of 168 to 210 months based on a total offense level of 32 and a criminal history category of IV. Sent. Tr. 6; 26 (Docket No. 73).

Following sentencing, Karaboyas timely appealed his sentence. *Notice of Appeal* (Docket No. 65). However, defense counsel filed an *Anders* brief stating there were no grounds for relief and moved to withdraw. The Ninth Circuit then

**Memorandum Decision and Order  - 2**

conducted an independent review of the record and dismissed the appeal in light of a valid appeal waiver. *United States v. Karaboyas*, No. 05-30272 (9th Cir. Apr. 10, 2006) (Docket No. 86).

On July 5, 2007, Karaboyas, through new counsel, timely filed the pending § 2255 Motion alleging ineffective counsel for failure to present argument or evidence in mitigation of his sentence. *§ 2255 Motion*, p. 2 (Docket No. 1 in civil case). More specifically, he alleged that counsel argued for a sentence at the low end of the guideline range rather than for a sentence below the guideline range based on the various mitigating factors addressed below. He further alleged that had counsel presented a detailed argument regarding the mitigating § 3553(a) factors, there is a reasonable probability that he would have received a sentence more in line with the predictions or projections suggested in counsel's letters to him regarding the pros and cons of pleading guilty. *Id.*, p. 4. Those predictions ranged anywhere from 6 to 10 years. *Id.*, Exs. C, D, and E. Karaboyas is seeking resentencing rather than seeking to withdraw his plea. *Id.*, p. 3.

**Memorandum Decision and Order  - 3**

### B.     Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  A motion filed pursuant to § 2255 must allege specific facts which, if true, would entitle an individual to relief.  *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  If it does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and

**Memorandum Decision and Order  - 4**

motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

### C. Discussion

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

**Memorandum Decision and Order  - 5**

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  This standard is "highly demanding."  *Kimmellman v. Morrison,* 477 U.S. 365, 381-82 (1986).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment."  *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).  In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland*  test in either order.  *Strickland*, 466 U.S. at 697.  Furthermore, the Court need not consider one component if there is an insufficient showing of the other.  *Id.*

Here, Karaboyas contends that counsel should have argued (1) his willingness to cooperate with the Government in locating additional evidence of the manufacture of methamphetamine, (2) the fact that he was primarily a drug user who supported his habit by assisting in the manufacture of methamphetamine and that he had ceased his participation in the conspiracy long before his arrest, (3)

**Memorandum Decision and Order  - 6**

that he had performed successfully on probation since his release from state prison, and (4) that his family relationships demonstrated that his history and personal characteristics justified a below-guideline sentence. *§ 2255 Motion*, pp. 3-4 (Docket No. 1 in civil case).

With regard to the first item, the Court presumes the additional evidence to which Karaboyas is referring is the meth lab he himself discussed at sentencing. *See* Sent. Tr. 25-26 (Docket No. 73). Apparently, Karaboyas had buried his lab and later offered to "take the lab out of the community" by advising the Government of its location. *Id.* at 25. He further indicated that defense counsel had spoken with the Government about the lab. *Id.* It is unclear whether the Government acted upon that information or considered it in making the § 5K1.1 motion. In any event, any failure by counsel to mention that additional evidence in argument was cured by Karaboyas' own statement to the Court. The Court considered the information, yet immediately concluded that the detrimental impact on society dictated a sentence within the guideline range. *Id.* at 26.

As for the remaining mitigating factors, the Court had the pertinent information available to it in the Presentence Report. Furthermore, counsel mentioned several mitigating factors in his argument such as the fact that Karaboyas' drug use started after his father passed away and again when he lost a

**Memorandum Decision and Order  - 7**

good job at Bon Marche (Sent. Tr. 11); that he subsequently decided to manufacture methamphetamine to support his habit and survive (Sent. Tr. 12); that he obtained a good job as a salesman at a car dealership despite his state court incarceration, did "really well" on probation, overcame his addiction, and stayed "straight up" until the federal charges were filed (Sent. Tr. 12); that he is a "very good person" with loving parents and strong family support (Sent. Tr. 12-13); that his "immense" addiction essentially clouded his judgment and caused financial ruin (Sent. Tr. 13); and that he cooperated with the government (Sent. Tr. 13).

In addition to presenting his argument, counsel called as a witness a long-time friend of Karaboyas who testified about how well Karaboyas had been doing on probation, that he was "back on track" and had a good job, and that Karaboyas' mother was elderly and relied on her son due to her deteriorating health (Sent. Tr. 14). Furthermore, Karaboyas allocuted at length about his childhood and good relationship with his parents, the addiction-precipitating events of his father's death and his later job loss, his periodic successful attempts to conquer his addiction, his employment history, his own drug use, his participation in the conspiracy, his financial problems, his cooperation with the Government, and his anguish at hurting his mother (Sent. Tr. 15 - 24).

It is apparent from the record that counsel brought to the Court's attention

**Memorandum Decision and Order  - 8**

the very factors that Karaboyas contends should have been grounds for a sentence below the guideline range. Although the arguments may not have been made as forcefully as Karaboyas would have wished, the fact remains that the information was before the Court from various sources: the Presentence Report, defense counsel's argument, the testimony of Karaboyas' friend, and Karaboyas' allocution. Nevertheless, in spite of an awareness of those factors, the Court found that they did not justify a sentence below the guideline range or even a sentence at the bottom of the guideline range. Sent. Tr. 24. Rather, the Court found that the need for a sentence to reflect the seriousness of the offense, to protect society, and to deter others overrode the mitigating factors. Sent Tr. 24.[2] After imposing sentence, the Court elaborated on its decision:

---

[2] Specifically, the Court stated:

> Let me indicate very briefly that I have considered all of the potential grounds for a variance from the guidelines under 18, U.S. Code, Section 3553(a) and find that none of those would provide grounds for a variance from the guideline range. My primary concern here, that I think precludes any such consideration, are the factors set forth in 3553(a) dealing with the need to impose a sentence which reflects the seriousness of the crime committed, also the need to protect society and to deter others from engaging in similar conduct.

Sent. Tr. 24.

**Memorandum Decision and Order  - 9**

> It is never easy to impose a sentence. But as I've seen the scourge of methamphetamine it has become increasingly clear that there has to be a clear message sent out to those who participate in its sale, manufacture, and distribution, that this is simply not going to be permitted in this society and that the consequence is always going to be prison time, and in many cases very long prison sentences. I hope at some point the message will be received in our community and perhaps this scourge, as I've describe it, will be diminished and hopefully even eliminated.

Sent. Tr. 31-32.

As stated above, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The Court finds that counsel's failure to forcefully argue the relevant mitigating factors is not sufficient to overcome that strong presumption. Those rather mine-run factors are present in many of the cases before this Court. Indeed, they are very likely present in many of the cases handled by defense counsel in his criminal practice. *See* § 2255 Motion, Ex. E (noting 15 years of practice before the federal court). However, even if counsel's performance were deficient, Karaboyas has not met the "highly demanding" standard that his sentence would have been different given that the mitigating information was before the Court, considered, and rejected. Accordingly, Karaboyas' motion for relief in the form of resentencing is denied.

**Memorandum Decision and Order  - 10**

**ORDER**

IT IS HEREBY ORDERED that Karaboyas' Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1) is DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-07-292-E-BLW is DISMISSED with prejudice.

DATED: **July 24, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge